# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENITO SANCHEZ SALAS,<br><br>Petitioner,<br><br>v.<br><br>NEIL MCDOWELL, Warden,<br><br>Respondent. | Case No. 1:15-cv-00766-DAD-SKO HC<br><br>FINDINGS AND RECOMMENDATION THAT THE COURT DENY PETITIONER'S MOTION FOR STAY AND ABEYANCE<br><br>(Doc. 14) |

Petitioner, Benito Sanchez Salas, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Through counsel, Petitioner filed his petition on May 18, 2016. Respondent answered on August 17, 2015; Petitioner filed a traverse on September 2, 2017. Although Petitioner is represented by counsel, Fay Arfa, on November 3, 2017, Petitioner filed his own motion for stay and abeyance to permit him to exhaust a new claim arising from the Supreme Court's decision in *Rosemond v. United States*, 134 S. Ct. 1240 (2014). Petitioner also requests the Court take judicial notice that his counsel, Ms. Arfa, is no longer communicating with him. Respondent did not file a response to the motion.

Because Petitioner is represented by counsel, the Court recommends denying the motion. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own

1

cases personally *or* by counsel.").

### I. <u>**Grounds Alleged for Stay and Abeyance.**</u>

Notwithstanding that all filings must be made by counsel, the Court will briefly address Petitioner's arguments in his motion to stay. In his petition, Petitioner presented four grounds for habeas relief: (1) insufficiency of evidence to support a murder conviction; (2) insufficiency of evidence of intent to kill; (3) the convictions for homicide on an aider and abettor theory were unconstitutional because Petitioner's co-defendant's jury deadlocked; and (4) insufficiency of evidence on premeditation and deliberation for first degree murder. Petitioner raised each of these claims before the California Court of Appeal and Supreme Court. (Doc. 1 at 2-3.)

Petitioner now argues that the Supreme Court's holding in *Rosemond* "as to aider and abettor liability is relevant to the facts of [his] case in several respects (notwithstanding petitioner's claim of innocence) and nowhere more so than in the misstatement of an element of the murder offense as charged in this case." (Doc. 14 at 2) (citing *Rosemond*, 134 S. Ct. at 1240).

Petitioner's motion specifically requests that the Court enter an order to stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Consequently, the Court will analyze Petitioner's request per the *Rhines* criteria.

### II. <u>**Standards for Granting an Order of Stay and Abeyance.**</u>

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. *Rose*, 455 U.S. 509, 515 (1982), *abrogated on other grounds by Rhines*, 544 U.S. 269. A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. *Picard*, 404 U.S. at 276. "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims. *Rhines*, 544 U.S. at 275.

2

Federal district courts should stay mixed petitions only in limited circumstances. *Id.* at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. *Id.* at 277-78.

In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). The *Kelly* procedure is riskier than the *Rhines* procedure since it does not protect the petitioner's unexhausted claims from expiring during the stay. *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Despite the risk of the unexhausted claims becoming time-barred in the course of the *Kelly* procedure, a petitioner may elect to use that alternative since it does not require him to demonstrate good cause as *Rhines* does. *King*, 564 F.3d at 1140.

The Court will analyze Petitioner's motion based on the criteria set forth in *Rhines*, per Petitioner's request.

### III. Petitioner has not Submitted a Mixed Petition.

Petitioner argues that the Court should grant his motion to stay because "(1) [P]etitioner had good cause for his failure to exhaust; (2) the claims are potentially meritorious; and (3) there is no indication that the [P]etitioner engaged in intentionally dilatory litigation tactics." (Doc. 14 at 2) (citing *Rhines*, 544 U.S. 269).

A mixed petition contains both exhausted and unexhausted claims. *Rose*, 455 U.S. at 510. District courts have the discretion to stay a mixed habeas petition and hold it in abeyance to allow a petitioner to present unexhausted claims to state courts. *Rhines*, 544 U.S. 269. "Once the petitioner

3

exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court." *Id*. at 275-76.

Petitioner's four original claims in his petition were raised and rejected by the California Court of Appeal and the Supreme Court. (Doc. 1 at 2-3.) All of the claims contained in Petitioner's habeas petition are fully exhausted and the petition is not a mixed petition. Consequently, *Rhines* is not applicable to Petitioner's case. Even if Petitioner correctly filed his motion through counsel, the Court would not recommend granting the motion based on *Rhines*.

**IV.** **Judicial Notice**

Petitioner asks the Court to take judicial notice "of the fact that, as of . . . nearly two years ago, [P]etitioner's privately obtained counsel has failed to respond to requests regarding state of the case or any other matter." *Id*. at 1.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. CIV. P. 201(b). It would not be appropriate for the Court to take judicial notice of counsel's failure to respond to Petitioner.

However, the Court takes seriously the allegation that counsel is not communicating with Petitioner. An attorney is obligated to "keep a client reasonably informed about significant developments relating to the employment or representation [of the client] including promptly complying with reasonable requests for information." CAL RULES OF PROF'L CONDUCT r. 3-500 (STATE BAR OF CAL. 2017). Therefore, the Court will order counsel to make contact with Petitioner to come to a resolution regarding communication.

//

//

4

## V. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that the Court deny the motion for a stay to permit Petitioner to exhaust a new ground for habeas relief.

The Court ORDERS:

1. Counsel for Petitioner, Fay Arfa, to establish contact with Petitioner within 7 days of the date of this order; and

2. Within 14 days of counsel contacting Petitioner, counsel *shall* notify the Court as to whether the issues with Petitioner have been resolved.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 11, 2017**   /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE